**251 A.2d 394.**

State *vs.* Audrey M. Davis.
State *vs.* Thomas Davis.
State *vs.* Joyce A. Deniscevich.

March 14, 1969.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. The question certified to this court by the superior court pursuant to the provisions of G. L. 1956, §9-24-27, as amended, arises out of a motion made in the superior court to suppress certain evidence seized during the course of an allegedly illegal search of a dwelling house. The defendant Joyce Deniscevich had been convicted in the district court on a charge of aiding and assisting in the recording of a bet on a horse race in violation of §11-19-14 and appealed that conviction to the superior court. The defendants Thomas and Audrey Davis were indicted by the grand jury and charged with maintaining a place for the purpose of gambling in violation of §11-19-18. The charges arose out of the same series of transactions and involved the same dwelling house.

In the superior court defendants moved that the evidence taken in the course of the raid made pursuant to a federal warrant be suppressed. After submission to the court of a stipulation as to the material facts involved in the case, the trial justice certified the following question: "Is gambling evidence seized in a dwelling house under and by virtue of a federal search warrant legally admissible in the state courts of Rhode Island although said federal search warrant fails to conform with the provisions of 11-19-24 of the General Laws of 1956 entitled 'Issuance of Search Warrants for Gambling Apparatus'?"

The record discloses that on March 6, 1964, a special agent assigned to the Intelligence Division of the Internal Revenue Service appeared before the United States Commissioner for the District of Rhode Island and made affidavit of probable cause for the search of certain premises occupied by the defendants Davis. The affidavit contained allegations which tended to establish that the premises at 43 College Road in Providence were being used for various gambling activities in violation of certain provisions of the Internal Revenue Code of the United States. The com-

missioner, finding that federal jurisdiction and probable cause had been established, issued a warrant for a search of the dwelling house for certain properties commonly used for, and in the business of, accepting and receiving gambling wagers. Following the custom in such cases of concurrent federal and state jurisdiction of gambling offenses, the United States Marshal notified the Providence Police Department of the impending search and requested that members of that department accompany him to 43 College Road and join in the search of those premises. This was done, and as a result thereof certain evidence was obtained which defendants now seek to have excluded by the instant motion to suppress admission to their trial in the superior court of this state.

The defendants concede that the search warrant issued in this case conforms to the requirements for a reasonable search and seizure as established by the fourth amendment to the Constitution of the United States and art. I, sec. 6, of the Constitution of this state. The narrow issue then is whether the evidence seized under the authority of an admittedly valid federal search warrant and now sought to be used against defendants in a state prosecution for alleged violations of state gambling laws must be excluded because of the provisions of §11-19-24, which provides for the issuance by justices of the superior and district courts of search warrants for gambling apparatus.

Section 11-19-24 provides that if certain specified law enforcement officers shall complain in writing under oath, setting forth that they have reason to believe that gambling apparatus is kept in any prescribed premises, any justice of the superior court or any justice or clerk of a district court "* * * may issue a search warrant for the purpose of searching for such gambling implements or apparatus * * *." Said section further provides that if the place to be searched is a dwelling house and is used and occupied

250

as such, "* * * such search warrant shall not be issued unless the complaint is verified by the affidavit of an elector of the state, beside the complainant, which affidavit shall set forth that such elector has reason to believe and does believe that such dwelling house, within forty-eight (48) hours previous to the making of such complaint, has been used as a common resort for gamblers for purpose of gambling and shall state the facts upon which such belief is founded, which facts shall be recited in the complaint."[1] It is not disputed that the premises at 43 College Road is a dwelling house within the purview of the statute above quoted or that a federal warrant was issued without the presentation of any affidavit by an elector of the state concerning the use of the premises within 48 hours for gambling purposes as is provided by the statute.

The defendants, in support of their motion to suppress, argue vigorously that the admission into evidence at the state trial of the evidence seized under the federal warrant would serve to frustrate the legislative intent as disclosed in §11-19-24. They argue also that while the federal warrant was issued on the basis of probable cause under both the federal and state constitutional provisions, the principles espoused in *Mapp* v. *Ohio*, 367 U. S. 643, 6 L.Ed.2d 1081, 81 S.Ct. 1684, are applicable in the instant case and thereby require that the evidence in question be excluded.

We cannot agree with either of the contentions of defendants. The exclusionary dictate annunciated in *Mapp* relates only to evidence obtained by searches and seizures in violation of the constitution. The exclusionary rule is imposed upon the states by the fourteenth amendment in order to secure compliance by local enforcement authorities with the probable cause requirements of the fourth amend-

---

[1]Section 11-19-24 has been amended by P. L. 1965, chap. 168, sec. 7, and no longer requires that the application for a search warrant contain the affidavit of an elector.

ment. Once probable cause is established and no other violation of a constitutional right is claimed, the evidence is admissible. It is conceded in the instant case that the federal warrant under which this search was made is violative of neither the provisions of the fourth amendment of the United States Constitution nor of art. I, sec. 6, of the state Constitution. It is our conclusion, therefore, that the exclusionary rule stated in *Mapp* v. *Ohio, supra,* has no application in this case.

We turn then to the contention of defendants that the evidence should be suppressed because its seizure was in violation of the intendment of §11-19-24. In our opinion, this argument misconceives the purpose for which §11-19-24 was enacted and overlooks the provisions of §9-19-25 wherein the legislature specifically makes provision for the exclusion of evidence in criminal trials in this state when seized in violation of the pertinent provisions of art. I, sec. 6, of the state Constitution.

It is our opinion that §11-19-24 was never intended to constitute an exclusionary statute. Rather, it appears to us that it was intended to confer upon the justices of the courts specified therein jurisdiction to issue warrants to search premises particularly described for gambling apparatus when the complaints and sworn statements of a law officer established compliance with the conditions precedent to an exercise of that jurisdiction set out in the statute. It may be true that a warrant issued without compliance with the statutory requirements concerning the affidavit to be made as to the dwelling house would be issued in excess of the jurisdiction of the issuing justice and for that reason would be void. In this case, however, we are not concerned with a warrant issued under the provisions of §11-19-24, for the evidence here was taken in a search pursuant to a federal warrant, the validity of the issuance of which has not been disputed. In short, it is our con-

clusion that §11-19-24 has no application in the instant case.

The question is whether evidence obtained under a federal warrant, which obviously may be issued without compliance with any provision of §11-19-24, is to be excluded from evidence. Section 9-19-25, in our opinion, is the statute controlling on the extent to which evidence illegally seized may be admitted into the trial of a criminal case. This §9-19-25 was apparently enacted as a consequence of the decision of this court in *State* v. *Olynik*, 83 R. I. 31, 113 A.2d 123, wherein this court in a split decision held that evidence taken during an illegal search was admissible. In so holding, the court followed the common-law rule and admitted the evidence therein under the consideration because, as we noted, there was no direct constitutional provision inhibiting such admission of illegally obtained evidence.

The legislature thereupon enacted §9-19-25 clearly for the purpose of establishing the statutory rule of exclusion and therein defined the extent to which it would have application. Section 9-19-25 reads: "In the trial of any action in any court of this state, no evidence shall be admissible where the same shall have been procured by, through or in consequence of any illegal search and seizure as prohibited in section 6 of article 1 of the constitution of the state of Rhode Island." This appears to constitute a legislative declaration of a rule of exclusion consistent with that imposed upon the states in *Mapp* v. *Ohio, supra.* In other words, any evidence taken by or through an illegal search or seizure would be excluded only where the search was illegal as a violation of art. I, sec. 6, of our Constitution. It is not denied that art. I, sec. 6, of our Constitution has been construed as having the same effect as the fourth amendment to the Constitution of the United States.

In such circumstances, therefore, it is our conclusion that the certified question should be answered in the affirmative.

*Herbert F. DeSimone,* Attorney General, *Richard J. Israel,* Assistant Attorney General, for plaintiff.

*Saul Friedman, Harold I. Kessler,* for defendant.